IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 21-CR-01032 |
| Plaintiff, | ) | |
| | ) | **INDICTMENT** |
| vs. | ) | |
| | ) | **Counts 1-3** |
| ANTHONY PAPE, | ) | 21 U.S.C. § 843(a)(3): |
| | ) | Acquiring a Controlled Substance by |
| Defendant. | ) | Misrepresentation, Fraud, |
| | ) | Deception, and Subterfuge |
| | ) | |
| | ) | **Counts 4-9** |
| | ) | 18 U.S.C. § 1365 |
| | ) | Tampering with a Consumer |
| | ) | Product |
| | ) | |
| | ) | **Forfeiture** |

The Grand Jury charges:

## Count 1

### Acquiring a Controlled Substance by Misrepresentation, Fraud, Deception, and Subterfuge

On or about July 2019 through about March 27, 2020, in the Northern District of Iowa, defendant ANTHONY PAPE did knowingly and intentionally acquire and obtain possession of the following controlled substances:

| Number of Pills | Drug | Strength/type | Controlled Substance Schedule |
|---|---|---|---|
| 170 | Dextroamphetamine-Amphetamine ER | 30mg capsules | II |
| 89 | Dextroamphetamine-Amphetamine ER | 20mg capsules | II |
| 115 | Vyvanse® | 10 mg capsules | II |

| | | | |
|---|---|---|---|
| 264 | Vyvanse® | 20 mg capsules | II |
| 70 | Vyvanse® | 30 mg capsules | II |
| 80 | Vyvanse® | 20 mg chewable capsules | II |
| 100 | Dextroamphetamine-Amphetamine ER | 25 mg capsules | II |
| 267 | Zolpidem Tartrate | 10 mg tablets | IV |
| 70 | Phentermine | 37.5 mg tablets | IV |

by misrepresentation, fraud, deception, and subterfuge. Specifically, ANTHONY PAPE obtained controlled substances by removing them from the inventory of the "I. Pharmacy" without authority. At the time, PAPE worked as a pharmacist at the "I. Pharmacy." PAPE kept the stolen controlled substances for his own use.

This was in violation of Title 21, United States Code, Section 843(a)(3).

## Count 2

### Acquiring a Controlled Substance by Misrepresentation, Fraud, Deception, and Subterfuge

On or about September 27, 2017, through on or about May 2019, in the Northern District of Iowa, defendant ANTHONY PAPE did knowingly and intentionally acquire and obtain possession of the following Schedule II controlled substances:

| Number of Pills | Drug | Strength/type | Controlled Substance Schedule |
|---|---|---|---|
| 60 | Dextroamphetamine-Amphetamine ER | 30 mg tablets | II |
| 115 | Vyvanse® | 50 mg capsules | II |
| 60 | Dextroamphetamine-Amphetamine ER | 20 mg tablets | II |
| 90 | Methylphenidate | 10 mg tablets | II |
| 90 | Methylphenidate | 10 mg tablets | II |
| 120 | Dextroamphetamine-Amphetamine | 30 mg tablets | II |

by misrepresentation, fraud, deception, and subterfuge. Specifically, ANTHONY PAPE removed the controlled substances from the inventory of the "M. Pharmacy" without authority. At the time, PAPE worked as a pharmacist at the "M. Pharmacy." PAPE kept the stolen controlled substances for his own use.

This was in violation of Title 21, United States Code, Section 843(a)(3).

## Count 3

### Acquiring a Controlled Substance by Misrepresentation, Fraud, Deception, and Subterfuge

Between on or about January 1, 2018, and on or about May 2019, in the Northern District of Iowa, defendant ANTHONY PAPE did knowingly and intentionally acquire and obtain possession of the following Schedule II controlled substances:

| Number of Pills | Drug | Strength/type | Controlled Substance Schedule |
|---|---|---|---|
| 97 | Adderall XR® | 25 mg capsules | II |
| 10 | Dextroamphetamine-Amphetamine | 15 mg tablets | II |
| 63 | Dextroamphetamine-Amphetamine | 20 mg tablets | II |
| 81 | Dextroamphetamine-Amphetamine | 30 mg tablets | II |
| 70 | Dexmethylphenidate ER | 30 mg capsules | II |
| 40 | Dextroamphetamine | 5 mg tablets | II |
| 91 | Dextroamphetamine-Amphetamine ER | 10 mg capsules | II |
| 107 | Dextroamphetamine-Amphetamine ER | 15 mg capsules | II |
| 16 | Focalin XR® | 25 mg capsules | II |
| 7 | Focalin XR® | 40 mg capsules | II |
| 110 | Methylphenidate | 20 mg tablets | II |

| 91 | Methylphenidate | 18 mg tablets | II |

by misrepresentation, fraud, deception, and subterfuge. Specifically, ANTHONY PAPE removed the controlled substances from the inventory of the "M. Pharmacy" without authority. At the time, PAPE worked as a pharmacist at the "M. Pharmacy." PAPE kept the stolen controlled substances for his own use.

This was in violation of Title 21, United States Code, Section 843(a)(3).

## Count 4

### Tampering with Consumer Products

On or about March 23, 2020, in the Northern District of Iowa, defendant ANTHONY PAPE, did with reckless disregard for the risk that another individual would be placed in danger of risk of bodily injury and under circumstances manifesting an extreme indifference to such risk did tamper with a consumer product that affected interstate commerce, specifically capsules of Vyvanse® 10 mg capsules, by removing all or most of the contents of the capsules, reducing the amount of medication to well less than the labeled contents and returning the empty or partially empty capsules to a bulk medication bottle so the capsules could be dispensed to patients by "I. Pharmacy." Twenty-four of these empty or partially empty Vyvanse® 10 mg capsules were prescribed for and dispensed for the use of A.W., a minor child, thereby placing A.W. in danger of bodily injury.

This was in violation of 18 U.S.C. § 1365(a)(4).

## Count 5

### Tampering with Consumer Products

On or about February 24, 2020, in the Northern District of Iowa, defendant ANTHONY PAPE, did with reckless disregard for the risk that another individual would be placed in danger of risk of bodily injury and under circumstances manifesting extreme indifference to such risk did tamper with a consumer product that affected interstate commerce, specifically capsules of Vyvanse® 10 mg capsules, by removing all or most of the contents of the capsules, reducing the amount of medication to well less than the labeled contents and returning the empty or partially empty capsules to a bulk medication bottle so the capsules could be dispensed to patients by "I. Pharmacy." Four of these empty or partially empty Vyvanse® 10 mg capsules were prescribed for and dispensed for the use of A.W., a minor child, thereby placing A.W. in danger of bodily injury.

This was in violation of 18 U.S.C. § 1365(a)(4).

## Count 6

### Tampering with Consumer Products

On or about March 6, 2020, in the Northern District of Iowa, defendant ANTHONY PAPE, did with reckless disregard for the risk that another individual would be placed in danger of risk of bodily injury and under circumstances manifesting extreme indifference to such risk did tamper with a consumer product that affected interstate commerce, specifically capsules of Vyvanse® 20 mg capsules, by removing all or most of the contents of the capsules, reducing the

amount of medication to well less than the labeled contents and returning the empty or partially empty capsules to a bulk medication bottle so the capsules could be dispensed to patients by "I. Pharmacy." Thirteen of these empty or partially empty Vyvanse® 20 mg capsules were prescribed for and dispensed for the use of T.W., a minor child, thereby placing T.W. in danger of bodily injury.

This was in violation of 18 U.S.C. § 1365(a)(4).

## Count 7

### Tampering with Consumer Products

On or about March 6, 2020, in the Northern District of Iowa, defendant ANTHONY PAPE, did with reckless disregard for the risk that another individual would be placed in danger of risk of bodily injury and under circumstances manifesting extreme indifference to such risk did tamper with a consumer product that affected interstate commerce, specifically capsules of Vyvanse® 20 mg capsules, by removing all or most of the contents of the capsules, reducing the amount of medication to well less than the labeled contents and returning the empty or partially empty capsules to a bulk medication bottle so the capsules could be dispensed to patients by "I. Pharmacy." Twenty-one of these empty or partially empty Vyvanse® 20 mg capsules were prescribed for and dispensed for the use of A.M. thereby placing A.M. in danger of bodily injury.

This was in violation of 18 U.S.C. § 1365(a)(4).

## Count 8

### Tampering with Consumer Products

On or about March 27, 2020, in the Northern District of Iowa, defendant ANTHONY PAPE, did with reckless disregard for the risk that another individual would be placed in danger of risk of bodily injury and under circumstances manifesting extreme indifference to such risk did tamper with a consumer product that affected interstate commerce, specifically capsules of Dextroamphetamine-Amphetamine ER 20 mg capsules, by removing all or most of the contents of the capsules, reducing the amount of medication to well less than the labeled contents and returning the empty or partially empty capsules to a bulk medication bottle so the capsules could be dispensed to patients by "I. Pharmacy." Twenty-eight of these empty or partially empty Dextroamphetamine-Amphetamine ER 20 mg capsules were prescribed for and dispensed for the use of J.O. thereby placing J.O. in danger of bodily injury.

This was in violation of 18 U.S.C. § 1365(a)(4).

## Count 9

### Tampering with Consumer Products

On or about February 20, 2020, in the Northern District of Iowa, defendant ANTHONY PAPE, did with reckless disregard for the risk that another individual would be placed in danger of risk of bodily injury and under circumstances manifesting extreme indifference to such risk did tamper with a consumer product that affected interstate commerce, specifically capsules of Dextroamphetamine-

Amphetamine ER 20 mg capsules, by removing all or most of the contents of the capsules, reducing the amount of medication to well less than the labeled contents and returning the empty or partially empty capsules to a bulk medication bottle so the capsules could be dispensed to patients by "I. Pharmacy." Two of these empty or partially empty Dextroamphetamine-Amphetamine ER 20 mg capsules were prescribed for and dispensed for the use of M.A. thereby placing M.A. in danger of bodily injury.

This was in violation of 18 U.S.C. § 1365(a)(4).

## Forfeiture Allegation

The allegations contained in Counts 1 through 3, are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of any of the offenses alleged in Counts 1 through 3 of this Indictment in violation of Title 21, United States Code, Section 843, the defendant, ANTHONY PAPE, shall forfeit to the United States of America, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

The property to be forfeited includes, but is not limited to, the following:
> The forfeiture of Defendant's Pharmacist license ending in 557 as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

This pursuant to Title 21, United States Code, Section 853.

SEAN R. BERRY
Acting United States Attorney

By: *(signature)*
PATRICK J. REINERT
Assistant United States Attorney

A TRUE BILL

s/Foreperson
---
Grand Jury Foreperson    Date: Oct. 20, 2021

```
PRESENTED IN OPEN COURT
        BY THE
FOREMAN OF THE GRAND JURY
And filed  10/20/2021
   ROBERT L. PHELPS, CLERK
```